UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10288-NG

UNITED STATES

v.

CARLOS ESPINOLA

**DEFENDANT'S MOTION TO REVOKE DETENTION ORDER**

CARLOS ESPINOLA, defendant in the above-captioned criminal case, hereby moves this Court, pursuant to 18 U.S.C. § 3145(b), to revoke the order of detention entered by the Court (Swartwood, M.J.) on July 16, 2004. As grounds therefor, defendant avers as follows:

1. The evidence against defendant Espinola was characterized by the Magistrate Judge as "circumstantial."

2. On July 16, 2004 the Court (Swartwood, M.J.) issued a Memorandum of Probable Cause and Order of Detention, appended hereto as Exhibit 1. Although the Magistrate Judge characterized the evidence against Mr. Espinola as "*circumstantial*", [and based unsubstantiated allegations of others] (*see* Exhibit 1 at 13), he found probable cause and ordered that Espinola be detained pending trial. Notwithstanding the government's *repeated* assertions of "overwhelming evidence" as against the

defendant, and, despite an 8 month investigation by approximately 50 undercover local, state, and federal agents, audio and video surveillance, purportedly recorded undercover purchases of narcotics (<u>*none* of which involved defendant Espinola</u>), said investigation culminating with the defendant's arrest, no such evidence was advanced by the government at Mr. Espinola's detention hearing. *Most alarming is the government's concession during the protracted detention hearing that it neither observed the defendant engaged in any criminal activity, it had no record of <u>any</u> drug transactions directly or indirectly involving the defendant, and further, a [consensual] <u>search</u> by numerous DEA agents of his residence and vehicle retrieved no Oxycodone.*

3. Given the likelihood that Mr. Espinola will ultimately be acquitted of the charge against him, subjecting him to a loss of liberty pending trial is particularly unfair.

4. As the Magistrate Judge correctly found, Mr. Espinola, is a lifelong resident of the community, but had concerns relative to Mr. Espinola's dual citizenship (Portugal) and his many relatives who continue to reside in said country. (Defense counsel is in possession of Mr. Espinola's passports which would be tendered to the Court upon a supervised release pending trial.)

5. Mr. Espinola has absolutely *no* criminal record.

6. To the extent that the Court finds that Mr. Espinola *might* constitute a flight risk, said risk can be obviated by placing him on an electronic

bracelet or curfew. Such a condition of release would enable him to return to employment, as well as provide practical and emotional support to his parents (who speak minimal English) and girlfriend, all of with whom he resides in Peabody, Massachusetts.

7. Under all of the circumstances presented here, the Court can readily fashion a combination of conditions to most reasonably assure Mr. Espinola's appearance as required, and the safety of the community.

The grounds for the instant motion are set forth more fully in the accompanying memorandum of law.

Respectfully submitted,

**CARLOS ESPINOLA**

By his attorney,

_____
Bradford Eliot Keene,
BBO# 629440
Keene & Gizzi
Attorneys at Law
220 Broadway
Suite 402
Lynnfield, Ma 01940
781.346.6500

## CERTIFICATE OF SERVICE

I certify that I have served the foregoing document by providing a copy IN HAND to the office of the United States Attorney located at One Courthouse Way Boston, Massachusetts to the attention of AUSA David Tobin this 21st day of October, 2004.

_____
Bradford Eliot Keene