UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-04-10288-NG

UNITED STATES

v.

CARLOS ESPINOLA

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO REVOKE DETENTION ORDER**

**I.     PRIOR PROCEEDINGS.**

On June 29, 2004, a criminal complaint was filed charging multiple individuals with conspiracy to distribute Oxycodone and substantive distribution of Oxycodone in violation of 21 U.S.C. §§ 846 and 841(a)(1). Defendant Carlos Espinola was charged with conspiracy to distribute Oxycodone. A consolidated probable cause/detention hearing was held on July 12 and 13, 2004. On July 16, 2004, the Court (Swartwood, M.J.) issued a memorandum of probable cause and order of detention. That document is appended hereto as Exhibit 1.

In his decision, Magistrate Judge Swartwood characterized the evidence against Mr. Espinola as "circumstantial," with "no direct evidence against Mr. Espinola" *Id.* at 20.

After reviewing Espinola's personal history, Magistrate Judge Swartwood concluded that he was a risk of flight owing to his dual citizenship. *Id.* at 25. Despite his

lack of a criminal record, the Court characterized Espinola as "presenting a 'potential for violence'" *Id.* at 23. He ordered that Espinola be detained pending trial.

## II. THE WEIGHT OF THE EVIDENCE

The weight of the evidence against the accused is one of the statutory bail/detention factors set forth at 18 U.S.C. § 3142. In this case, that factor supports this defendant's release pending trial. In contrast to most of the other defendants in this multi-defendant case who have been ordered released by the Court, *there is no evidence that Carlos Espinola ever possessed, or sold Oxycodone to any person.* The factual allegations against him, set forth in the light most favorable to the government in Magistrate Judge Swartwood's Order of Detention, are that "Mr. Espinola is a source for large amounts of Oxycontin tablets." *Id.* The 50-page affidavit of the case agent submitted in support of the criminal complaint is devoid of any evidence whatsoever that Espinola had any involvement in the conspiracy as charged.

Accordingly, while there is no way to know at this juncture how this case will turn out, there is a substantial likelihood that the defendant, who is presumed innocent, will be acquitted by a jury at trial. Indeed, there is a real possibility that the case against him will never even get to a jury before a judgment of acquittal enters. These circumstances should militate strongly against depriving defendant Espinola of his liberty, since that time can never be restored to him.

## III. RISK OF FLIGHT

As Magistrate Judge Swartwood concluded, the release of Carlos Espinola pending trial could pose a risk of flight. While Espinola is a long-term resident of Peabody, Massachusetts, and lives in a home with his parents and his girlfriend, Nicole

Campbell, the Judge concluded that his many visits to Portugal, and his relatives who continue to live in Portugal presents a set of factors by which the Judge deemed Espinola to be a flight risk. Mr. Espinola has tendered his passport to defense counsel; in this age of heightened travel security, it is inconceivable that Mr. Espinola could (assuming *arguendo* that he would) travel to Portugal to escape prosecution.

Further, since the evidence against him is insubstantial, there would be little or no incentive for him to flee. In sum, Espinola is not a risk of flight, a fact which militates strongly in favor of release pending trial.

### IV.    DANGEROUSNESS

The remaining critical factor, set forth at 18 U.S.C. § 3142(g)(4), is "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." This was the ground relied upon by Magistrate Judge Swartwood, who characterized Espinola as one who "has illegally possessed at least one firearm," and, that "has indicated a willingness to use firearms and he was found in possession of a bullet proof vest." *Memorandum of Decision* at 23.

Mr. Espinola has no criminal record, and it is true that he was found in possession of a bulletproof vest (which in and of itself is not unlawful). However, the agents who searched his home and motor vehicle found no firearms, no ammunition, and no indicia of past possession of such materials. It is the government's contention that he had "a willingness to use firearms," **a wholly unsubstantiated boast**. While it is unlawful to possess a firearm without proper permit, and the Court is correct in advancing its concern, no firearms or other such weapons were found. In light of the herein, the Court

surely has the power to fashion conditions of release which would adequately protect the community.

V.   **DISCUSSION.**

In ordering detention, the Magistrate Judge apparently did not consider the imposition of restrictive conditions of release that would have reasonably assured the Court that Mr. Espinola will not pose a danger to the safety of any other person or the community if released. Those conditions include, *inter alia*, placing Espinola on house arrest with an electronic bracelet, imposing a specific curfew, and/or to adhere to a rigorous schedule of reporting to Pretrial Services and/or Probation to ensure compliance with such conditions.

It is simply not true, as Magistrate Judge Swartwood concluded, that no combination of release conditions will reasonably assure the safety of the community and his return upon each and every court event. Mr. Espinola, a long-term resident of Peabody, faces an entirely circumstantial case. He has no criminal record. There is no compelling reason, other than punitive, for his loss of liberty pending trial. The defendant requests that the Court devise reasonable conditions and order his release.

> Respectfully submitted,
> **CARLOS ESPINOLA**
> By his attorney,
>
> _____
> Bradford Eliot Keene
> BBO# 629440
> Keene & Gizzi
> Attorneys at Law
> 220 Broadway
> Suite 402
> Lynnfield, Ma 01940
> 781.346.6500