UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 04-1809-CBS

UNITED STATES

V.

CARLOS ESPINOLA

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COMPLAINT

I. PRIOR PROCEEDINGS

On June 29, 2004, a criminal complaint was filed by the government charging a number of individuals with conspiracy to distribute contraband, specifically Oxycodone, and substantive distribution of Oxycodone in violation of 21 U.S.C. § 846 and 841 (a)(1). Defendant Espinola was arrested on the complaint on June 30, 2004. He made his initial appearance before the court on that date,

A consolidated probable cause and detention hearing relative to Mr. Espinola was held on two consecutive days, July 12 and July 13, 2004. On July 16, 2004 the Court (Swartwood, M.J.) issued a Memorandum of Probable Cause and Order of Detention, appended hereto as Exhibit 1. Although the Magistrate Judge characterized the evidence against Mr. Espinola as *"circumstantial"*, [and based unsubstantiated allegations of others] (*see* Exhibit 1 at 13), he found probable cause and ordered that Espinola be detained pending trial. Despite assertions of "overwhelming evidence" as

3

against the defendant, and, despite an 8 month investigation by approximately 50 undercover local, state, and federal agents, audio and video surveillance, recorded undercover purchases of narcotics (*none* of which involved defendant Espinola), said investigation culminating with the defendant's arrest, to date, **the government has failed to indict the defendant.** *Most alarming is the government's concession during the protracted detention hearing that it neither observed the defendant engaged in any criminal activity, it had no record of any drug transactions directly or indirectly involving the defendant, and further, a [consensual] search by numerous DEA agents of his residence and vehicle retrieved no Oxycodone.*

## II.  SUMMARY OF APPLICABLE LAW

An accused has a constitutional right to a speedy trial. U.S. Const. amend VI. The right to a speedy trial is "fundamental" and "one of the most basic rights preserved by our Constitution." *Klopfer v. North Carolina*, 386 U.S. 213, 223-226 (1967). The Speedy Trial Act, 18 U.S.C. § § 3161, *et seq.*, is the statutory implementation of this fundamental right and "increases a defendant's speedy trial safeguards beyond the constitutional minima." *United States v. Hastings*, 847 F.2d 920, 923 n.4 (1st Cir. 1988).

In an effort to protect a defendant's constitutional right to a speedy indictment and trial and to serve the public interest in bringing about prompt criminal proceedings, Congress adopted rigid time limits regarding time between arrest and indictment, as well as between indictment and trial. *United States v. Gonzales*, 137 F.3d 1431, 1432 (10th Cir. 1998). Section 3161(b) requires that:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

To calculate the thirty-day period, the Court should add thirty days to the date of arrest, counting weekends and holidays, but not the date of arrest itself. *See United States v. Pollack*, 726 F.2d 1456, 1460 n.6 (9th Cir. 1984); *United States v. Mitchell*, 723 F2d 1040, 1042 (1st Cir. 1983).

In determining whether a violation of the Act has occurred, certain "periods of delay [are] excluded in computing the time within which an information or an indictment must be files." 18 U.S.C. § 3161(h). Under § 3161(h)(1), any day on which a "proceeding concerning the defendant" is held is excludable. *United States v. Barnes*, 159 F.3d 4, 10 (1st Cir. 1998). Additionally, § 3161(h)(1)(F) excludes from the computation "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Although it is questionable whether a motion filed prior to indictment should be considered a "pretrial motion" for purposes of this section, the First Circuit has held that such a motion would indeed qualify. *Mitchell*, 723 F.2d at 1044 (motion for extension of time to file indictment; *United States v. Rush*, 738 F2d 497, 503 n. 11 (1st Cir. 1984) ("[t]he (h)(1)(F) exclusion applies whether the pretrial motion is filed before or after indictment"). If a hearing on the motion is held, the time to be excluded under § 3161(h)(1)(F) is the date on which the motion is filed to the date on which a hearing is held. *United States v. Rodriguez*, 63 F.3d 1159, 1163 (1st Cir. 1995) (*citing Henderson v. United States*, 476 U.S. 321, 328-31 (1986)). Additionally, §

5

3161(h)(1)(J) excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." While there have been other motions filed by other defendants in this case, no motion(s) [other than the instant] has been filed by the defendant in this case since the date of his arrest.

Section 3161(h)(7) excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." This exception, however, only applies to the time period between indictment and trial, and not to the time between arrest and indictment. United States v. Garrett, 720 F.2d 705, 708 (D.C. Cir. 1983) (Bork, J.). In Garrett, the only reported decision found by undersigned counsel addressing the applicability of the (h)(7) exclusion to the time period between arrest and indictment, the Court of Appeals stated: "Section 3161(h)(7) operates only to exclude delay occurring in the second phase of a criminal prosecution—the time between indictment (or initial presentation) and trial," and not to pre-indictment delay. 720 F.2d at 708.

The legislative history of the Speedy Trial Act supports the proposition that § 3161(h)(7) does not apply to pre-indictment delay. Id. In enacting the statute, Congress was concerned with safeguarding the ability of the government to prosecute cases involving multiple defendants. Id.[1] The purpose of the (h)(7) exclusion was "'to accommodate the efficient use of prosecutorial and judicial resources in trying multiple

---

[1] "'[T]he purpose of the provision is to make sure that [the Speedy Trial Act] does not alter the present rules on severance of codefendants by forcing the Government to prosecute the first defendant separately or to be subject to a speedy trial dismissal motion under section 3162.'" Garrett, 720 F.2d at 709 (quoting S.Rep. No. 1021, 93d Cong., 2d Sess. 38 (1974)).

6

defendants in a single trial.'" *United States v. Vogl*, 374 F.3d 976, 983 (10th Cir. 2004) (*quoting United States v. Theron*, 782 F.2d 1510, 1514 (10th Cir. 1986)). Applying the (h)(7) exclusion solely to time between indictment and trial is also consistent with the Judicial Conference's *Guidelines to the Administration of the Speedy Trial Act of 1974*, which, in suggesting starting and ending dates for calculating time under (h)(7), refers solely to the time period between indictment and trial. *Garrett*, 720 F.2d at 709 n.2; *Campbell*, 706 F.2d at 1141. Thus, § 3161(h)(7) only applies post-indictment and cannot be used to extend the thirty-day deadline for filing an indictment after a defendant's arrest on a criminal complaint.

If the government fails to indict a defendant before the passage of thirty nonexcludable days in violation of § 3161(b), the complaint shall be dismissed. 18 U.S.C. § 31612(a)(1). In ordering a dismissal pursuant to § 31612(a), the judge has discretion to decide whether reprosecution will be barred. *Hastings*, 847 F.2d at 924 (*citing United States v. Brown*, 770 F.2d 241, 242,43 (1st Cir. 1985)). See also *United States v. Taylor*, 487 U.S. 326, 334 (1988) ("the decision to dismiss with or without prejudice [is] left to the guided discretion of the district court.") In determining which decision is appropriate in any given case, the court "must start from a level playing field; there is no presumption either way." *Taylor* 487 U.S. at 334; *Hastings*, 847 F.2d at 924. Section 3162(a)(1) requires the Court to consider, at a minimum, three factors in determining whether to dismiss the case with or without prejudice: (1) "the seriousness of the offense," (2) "the facts and circumstances of the case which led to the dismissal," and (3) "the impact of a reprosecution on the administration of [the Act]

7

and on the administration of justice." The Court must consider all three factors. *Taylor*, 487 U.S. at 333; *United States v. Ramirez*, 973 F.2d 36, 39 (1st Cir. 1992). In determining the seriousness of the offense, the Court should consider the weight of the evidence against the defendant. *See Barnes*, 159 F.3d at 16 (rejecting defendant's assertion that evidence against her was weak and therefore crime was not serious). The Court should take into account whether the delay was attributable to the defendant or the prosecution. *Barnes*, 159 F.3d at 16-17. "When a [Speedy Trial Act] violation is caused by the court or the prosecutor, it weighs in favor of granting a dismissal with prejudice." *Ramirez*, 973 F.2d at 39. [Emphasis added] Dismissal with prejudice can be appropriate in some circumstances where the delay was not intentional. *Ramirez*, 973 F.2d at 39. In *Ramirez*, even though the delay was caused negligently (by the court no less), dismissal with prejudice was found to be appropriate. *Id.* Indeed, a "lackadaisical" or "neglectful attitude on the part of the Government reasonably [can] be factored against it." *Taylor*, 487 U.S. at 338. "Because the Government alone usually knows the reason for the delay, it bears the initial burden of explaining why the violation occurred." *United States v. May*, 819 F.2d 531, 533 (5th Cir. 1987). If the government fails to explain the delay, there is an assumption that the delay was unjustified, which weighs against the government. *Id.* at 533 n.11. (All the while the defendant in the instant matter continues, to present, to languish in prison). Lastly, the court must also consider "the impact of a reprosecution on the administration of [the Act] and on the administration of justice." 18 U.S.C. § 31612(a)(1). Any time the requirements of the Speedy Trial Act are not met, "the administration of justice is adversely affected." *United States v. Scott*, 270 F.3d 30, 58

8

(1st Cir. 2001); *Hastings*, 847 F.2d at 926 ("whenever government—for whatever reasons—fall short of meeting the Act's requirements, the administration of justice is adversely affected"). Even where the crimes charged are serious, and the delay not intentionally caused, dismissal should be with prejudice where reprosecution of a case would send the "wrong signal" to those responsible for complying with the requirements of the Act, and "foster ... a cavalier regard" of those requirements. *Ramirez*, 973 F.2d at 39. "[D]ismissal with prejudice 'is more likely [than dismissal without prejudice] to induce salutary changes in procedures reducing pretrial delays.'" *Id.* (citing *Taylor*, 487 U.S. at 342).

### III.   APPLICATION OF LAW TO FACTS

A.   The defendant's rights under the Speedy Trial Act have been violated.

The government failed to indict Espinola within thirty nonexcludable days since his arrest in violation of Section 3161(b). The complaint charging Espinola was filed on June 29, 2004. Espinola was arrested and made his initial appearance on June 30. Beginning on July 1, the speedy trial clock began to run, until July 12 and 13, which are excluded as days on which a proceeding concerning the defendant was held. *Barnes*, 159 F.3d at 10. Additionally, from July 14 to the court's disposition of the probable cause/detention proceeding by written memorandum and order on July 16, the speedy trial clock was tolled, as the probable cause/detention proceeding was under advisement by the court. 18 U.S.C. § 3161(h)(1)(J)

B.   The appropriate remedy for the violation of the defendant's rights under the Speedy Trial Act is dismissal of the complaint with prejudice.

As Espinola has established a violation of the Speedy Trial Act, the complaint against him must be dismissed pursuant to § 3162(a)(1). The court has discretion to decide whether the complaint should be dismissed with or without prejudice. 18 U.S.C. § 3162(a)(1); Taylor, 487 U.S. at 334. Section 3162 requires the court to consider at a minimum, three factors in determining to dismiss the case with or without prejudice: (1) "the seriousness of the offense," (2) "the facts and circumstances of the case which led to the dismissal," and (3) "the impact of a reprosecution on the administration of justice."

Although the charges against Espinola involve distribution of illegal drugs, the weak "circumstantial" evidence put forward to present militate against a finding that the charges are "serious." The government has admitted that it has no direct evidence that Espinola ever possessed or sold Oxycodone, and the evidence suggesting that he was associated with other individuals who allegedly distributed controlled Oxycodone is entirely absent, albeit excepting the alleged (and unsubstantiated) assertion of others ensnared in the same prosecution. **Such a lack of any concrete evidence, after a costly and eight month investigation by dozens of agents of the government (which turned up nothing as against the defendant) screams out for dismissal with prejudice.**
Similarly, the facts and circumstances leading to the unlawful delay of indictment weigh in favor of granting a dismissal with prejudice. That delay was caused SOLELY by the government, and whether intentional or otherwise, the delay is unacceptable.
Lastly, allowing the government to reprosecute Espinola after it allowed *seventy-eight* (78(!)) nonexcludable days pass since his arrest would have a negative impact on the

10

integrity of the Speedy Trial Act and the proper administration of justice. The requirements of the Speedy Trial Act must be enforced seriously and with deference to the safeguards imbued within it, if said act is to have *any* meaning.

Under the circumstances present here, dismissal of the case without prejudice would only serve to encourage an ignorance by the government in meeting the stringent requirements of the act. Under the instant circumstances, dismissal with prejudice is warranted. If the complaint is dismissed with prejudice, perhaps the government will be more assiduous and diligent in the future in meeting its obligations under the law.

### IV. CONCLUSION

For the reasons set forth herein, the complaint should be dismissed with prejudice.

Respectfully submitted,

CARLOS ESPINOLA
By his attorney,

Bradford Eliot Keene
BBO #629440
Keene & Gizzi
Attorneys at Law
220 Broadway, Suite 402
Lynnfield, Ma 01940
781.346.6500

### CERTIFICATE OF SERVICE

I certify that I have served the foregoing document by providing a copy IN HAND to the office of the United States Attorney located at One Courthouse Way Boston, Massachusetts to the attention of AUSA David Tobin this 21st day of September, 2004.

Bradford Eliot Keene

11