```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

```
_____
                              )
UNITED STATES OF AMERICA      )
                              )
                              )
                              )
vs.                           )     Criminal No. 04-10288-RWZ
                              )     (Complaint No. 04-1809-CBS)
                              )
Carlos Espinola, et al.,      )
        Defendants.           )
_____)
```

**ORDER**
December 8, 2004

**SWARTWOOD, M.J.**

By Order of Reference dated September 22, 2004, this case has been referred to me for pretrial proceedings. Furthermore, I issued the underlying Complaint which is the subject of the Defendants' motions. This Order addresses Defendant's Motion To Dismiss The Complaint (Docket No. 87) filed by Joseph Allen, and Defendant's Motion To Dismiss The Complaint (Docket No. 91) filed by Carlos Espinola[1].

Nature Of The Case

On June 29, 2004, I signed a Complaint charging Messrs. Allen and Espinola with conspiracy to distribute OxyCodone, a Scheduled II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1). On September 22, 2004, an Indictment was returned which charged Messrs. Espinola, Allen and others with conspiracy to possess with intent to distribute and distribution of OxyCodone, in

---

[1] Messrs. Espinola and Allen have also filed motions to dismiss the Indictment, which will be forwarded to the District Court Judge.

violation of 21 U.S.C. §846.  Mr. Allen was also charged with one count of distribution of OxyCodone and Aiding and Abetting in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2.

## Nature of the Proceeding

Messrs. Allen and Espinola request that the charges against them be dismissed, with predjudice, because the Government failed to indict them within 30 days of their arrest as required by 18 U.S.C. §3161(b).[2]

## Discussion

Messrs. Espinola and Allen were charged in a multi-defendant complaint.  Although the First Circuit has not addressed this issue, there is authority to suggest that 18 U.S.C. §3161(h)(7)[3] does not apply at the pre-indictment stage and, therefore, time excluded as to one defendant is not excluded as to the other defendants.  See United States v. Garrett, 720 F.2d 705 (U.S.APP.D.C 1983).  The Government makes a compelling argument as to why Section 3161(h)(7) should apply at the pre-indictment stage.  I agree with the Government that Section 3161(h)(7) does apply at the pre-indictment stage.  In its brief, the Government has succinctly and accurately set forth all of the time attributable to proceedings relating to Messrs. Espinola's and Allen's co-defendants which constitutes excludable delay.  Once the excludable

---

[2] Section 3161(b) provides, in relevant part, as follows: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested...."

[3] Section 3161(h)(7) provides that excludable time includes: "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted".

delay for all defendants in this case is factored into the computation, it is clear that the indictment was returned against Messrs. Espinola, Allen and other co-defendants within the thirty days required by Section 3161(b). Therefore, Messrs. Espinola's and Allen's motion to dismiss the Complaint, as to them, for violation of the Speedy Trial Act, is denied.

Although I have denied Messrs. Espinola's and Allen's motions to dismiss, for the sake of completeness, I will address whether the Complaint would be dismissed as to them, with prejudice, if I were to accept their position that Section 3161(h)(7) does not apply at the pre-indictment stage.

<u>Relevant Facts/Determination of Pre-Indictment Delay</u>

<u>Mr. Espinola</u>

1. June 29, 2004: the Complaint issued against Mr. Espinola.

2. June 30, 2004: Mr. Espinola was arrested and had his initial appearance. The Government moved to detain Mr. Espinola pursuant to 18 U.S.C. §§3142(f)(1)(C) and (f)(2)(A). Mr. Espinola's detention hearing was set for July 2, 2004.

3. July 2, 2004: Mr. Espinola requested that his detention hearing be continued until July 12, 2004.

4. July 12, 2004 and July 13, 2004: Mr. Espinola's probable cause and detention hearing was held.

5. July, 16, 2004: Court issued a Memorandum of Probable Cause and Order of Detention (Docket No. 54) concerning Mr. Espinola.

6.   September 22, 2004: an Indictment was returned against Mr. Espinola.

First of all, I disagree with Mr. Espinola concerning the period of time properly excluded. Mr. Espinola's initial appearance was on June 30, at which time, the Government made a motion that Mr. Espinola be detained and a hearing on the Government's motion for detention/probable cause was set for July 2, 2004. Therefore, the period of time from June 30, 2004 through July 2 is excluded. On July 2, 2004, Mr. Espinola requested a further continuance until July 12, 2004. Mr. Espinola's detention/probable cause hearing was then held on July 12-13, 2004 and upon conclusion of that hearing, the matter was taken under advisement. On July 16, 2004, this Court issued an Order detaining Mr. Espinola and finding probable cause for the charges against him in the underlying Complaint. Under these circumstances, the entire period from June 30, 2004 until July 16, 2004 is excluded as time during which Mr. Espinola initially appeared in Court, the Government's motion for detention was pending, a hearing was held and an order issued. Therefore, the Government had until Monday, August 15, 2004 to indict Mr. Espinola. Mr. Espinola was not indicted until September 22, 2004, some sixty-eight non-excludable days after his arrest. Mr. Espinola and the Court disagree as to whether the period from July 1-July 11, 2004 is excludable. For purposes of this Order, I will adopt Mr. Espinola's contention that 78 non-exludable days passed from the date of his arrest until indictment.

## Mr. Allen

1.  June 29, 2004: the Complaint issued against Mr. Allen.

2.  June 30, 2004: Mr. Allen was arrested and had his initial appearance.  The Government moved to detain Mr. Allen pursuant to 18 U.S.C. §§3142(f)(1)(C) and (f)(2)(A).  Mr. Allen's detention hearing was set for July 2, 2004.

3.  July 2, 2004: Mr. Allen's probable cause and detention hearing was held.

4.  July, 12, 2004: Court issued Memorandum of Probable Cause and Order of Detention (Docket No. 47) concerning Mr. Allen.

5.  July 19, 2004: Mr. Allen filed a motion under seal.

6.  July 20, 2004: Court rules on Mr. Allen's sealed motion.

7.  July 28, 2004: Mr. Allen files a motion to revoke the Court's detention order.

8.  August 9, 2004: Government files opposition to Mr. Allen's motion to revoke detention and Mr. Allen files a response.  A hearing is held on Mr. Allen's motion to revoke detention, which is allowed by the Court.  Mr. Allen is released on conditions.

9.  September 15, 2004: Mr. Allen filed a motion to dismiss the Complaint (Docket No. 87).

10. September 22, 2004: Indictment was returned against Mr. Allen.

Mr. Allen was arrested on June 30, 2004 and the Government made a motion that he be detained pending trial.  Mr. Allen's detention hearing was set for and held on July 2, 2004.  The matter was taken under advisement and an Order of probable cause and

detention issued with respect to Mr. Allen on July 12, 2004. Therefore, the time from June 30, 2004 through July 12, 2004 is properly excluded as time during which Mr. Allen initially appeared in Court, the Government's motion for detention was pending, a hearing was held and an Order issued. July 20-21, 2004 is excluded as the result of Mr. Allen's sealed motion and the Court's action on that motion. July 28, 2004 through August 9, 2004 are excluded as time during which Mr. Allen's motion to revoke was pending, the hearing was held and the Court made a ruling. I will, for purposes of this Order, assume that no time is excludable relating to Mr. Allen's motion to dismiss the Complaint. Under these circumstances, the Government had until on or about August 26, 2004 to indict Mr. Allen. In total, approximately fify-six non-excludable days passed from the time of Mr. Allen's arrest until an indictment was returned against him. Mr. Allen and this Court disagree as to whether July 1, 20-21 are excludable delay. For purposes of this Order, I will adopt Mr. Allen's contention that fifty-nine non-excludable days passed from the date of his arrest until the date of indictment.

<u>Would Dismissal With Prejudice Be Warranted If Section 3161(h)(7) Does Not Apply At Pre-Indictment Stage.</u>

If I were to assume for purposes of this discussion that Section 3161(h)(7) does not apply at the pre-indictment stage, the Government failed to indict Messrs. Espinola and Allen within thirty days of the date of their arrest and therefore, the

Complaint would have to be dismissed. See 18 U.S.C. §3162(a)(1).[4] The question would then become whether such dismissal would be with or without prejudice. See 18 U.S.C. §3162.

Section 3162 sets forth the following factors to be considered by the Court in determining whether to dismiss the complaint "with or without" prejudice: "the seriousness of the offense; the fact and circumstances of the case which led to dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice". The court should also be cognizant that the purpose behind the rule requiring that the defendant be indicted promptly "`is to ensure that the defendant is not held under an arrest warrant for an excessive period without receiving formal notice of the charge against which he must prepare to defend himself'". United States v. Burgos, 254 F.3d 8, 15 (1st Cir. 2001)(citation to quoted case omitted).

First, both Messrs. Espinola and Allen are charged with serious drug offenses. They are both alleged to be part of a conspiracy which distributed a significant amount of OxyCodone on the North Shore of Massachusetts. Additionally, Mr. Espinola is alleged to be a leader in the conspiracy and Mr. Allen is alleged to have served as "muscle" during a drug transaction. I have previously determined that the evidence against Mr. Allen to be "less than substantial". Contrary to Mr. Espinola's contention, I

---

[4] Section 3162(a)(1) provides that: [i]f the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by 3161(h) ..., such charge against that individual contained in such complaint shall be dismissed or otherwise dropped".

find the evidence against him to be substantial. Under these circumstances, I find that this factor weighs slightly in favor of dismissal without prejudice of the case against Mr. Allen, and heavily in favor of dismissal without prejudice of the case against Mr. Espinola. Second, this is a complex case involving thirteen defendants, multiple confidential informants and undercover law enforcement agents, and numerous controlled buys. The almost eight month investigation included use of pen registers, trap and trace devices and monitored and recorded transactions. Thus, a tremendous volume of information was required to be presented to the grand jury. There is no suggestion by either Defendant that the delay was attributable to any bad faith on the part of the Government (there is some suggestion that the delay was attributable to simple neglect). Furthermore, the delay, while not *de minimis*, was not significant. On the other hand, Mr. Allen promptly raised his concern that the Government had failed to indict him within the required timetable and Mr. Espinola filed his motion shortly after the indictment. In other words, both defendants timely acted to preserve their rights. Under the totality of these circumstances, this factor weighs slightly in favor of dismissal without prejudice.

As to the remaining factors: *any* violation of Section 3161(b) adversely affects the administration of justice. At the same time, Congress has not mandated that every violation of Section 3161(b) shall result in dismissal of the defendant's case, with prejudice. Instead, Congress has recognized that each case must be reviewed

under its unique set of facts to determine the resultant impact of the delay. While, for purposes of this discussion, the Indictment was returned more than thirty non-excludable days after the defendants' were arrested in this case, that delay was not excessive and neither defendant has pointed to any actual prejudice suffered as the result of the delay. All of the defendants in this case were promptly arraigned after the Indictment was returned and I have instituted procedures for moving this case along efficiently and expeditiously. Simply put, trial of these defendants would not have a negative effect on the fair and efficient administration of justice. Under the totality of these circumstances, I find that if Section 3161(b) had been violated, then dismissal of the Complaint as to Messrs. Espinola and Allen would be without prejudice.

## Conclusion

1.   Defendant's Motion To Dismiss The Complaint (Docket No. 87) filed by Joseph Allen is <u>denied</u>.

2.   Defendant's Motion To Dismiss The Complaint (Docket No. 91) filed by Carlos Espinola is <u>denied</u>.

/s/ Charles B. Swartwood III
Charles B. Swartwood III
Magistrate Judge