

U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts  02210*

February 23, 2005

Bradford Eliot Keene, Esquire
220 Broadway, Suite 402
Lynnfield, MA 01949

    Re:  <u>United States v. Carlos Espinola</u>
          Criminal No. 04-10288-RWZ

Dear Mr. Keene:

    This letter is in response to your discovery letter dated February 16, 2005.  The below numbered paragraphs correspond to the paragraphs in your letter.

    1. **<u>Real Evidence</u>**

    The defense may inspect all real evidence in the possession of the United States by contacting the undersigned to arrange a date, time, and location.

    2. **<u>Bill of Particulars</u>**

    The United States declines to provide a Bill of Particulars.  The discovery provided to the defendant fully explains his criminal conduct.

    3. **<u>Expert Witnesses</u>**

    The United States anticipates that Roger W. Godino, a DEA Senior Forensic Chemist, will testify at trial and offer expert testimony as to the testing and weighing of the drugs in this case. I have asked Mr. Godino to send me a copy of his curriculum vitae ans the "bench notes" and other paperwork pertaining to the drug testing in this case.  I will send you copies of these materials when I receive them from Mr. Godino.  The United States may offer expert testimony from one or more law enforcement

Mr. Keene
February 23, 2005
Page 2

officers pertaining to common practices employed by drug dealers, and users.  Such testimony will be based on training and experience in law enforcement.  At this time, the United States does not know through which witness or witnesses it will seek to introduce such testimony.

    4. **Prior Bad Acts**

Pursuant to Local Rule 117.1(A)(4)(b), the United States will provide the defense with a general description of any crime, wrong, or act the government proposes to offer pursuant to Fed. R. Evid. 404(b) twenty-one days before trial.

    5. **Exculpatory Evidence**

The United States has complied with Local Rule 116.2(b)(1)(a through f), and will comply with Local Rule 116.2(B)(2)(a through g) not later than twenty-one day days before the trial date established by the Court.

    6. **Witness List**

Pursuant to Local Rule 117.1(A)(8)(a), the United States will provide the defense with the names and addresses of witnesses the government intends to call at trial in its case-in-chief at least seven days before the start of the trial.  The United States declines to provide the birth dates and home addresses of law enforcement witnesses, or other witnesses where the release of such information may constitute a threat to the safety of the witness.

    7. **Reports**

The United States has or will in a timely manner provided the defense with all reports which were prepared by percipient law enforcement officers that contain exculpatory evidence or constitutes Jenks Act materials.

    8. **Custodial Admissions of Co-Defendants**

The United States will provide the defense with custodial admissions made by a co-defendant which the government intends to introduce into evidence at a joint trial not later than ten days before the scheduled start of the trial.

Mr. Keene
February 23, 2005
Page 3

    9. **Video and Audio Recordings**

The United states has provided the defense with access to an extensive array of audio and video recordings pertaining to this case. The United States reserves the right to introduce all or any portion of these materials at trial. The United States declines to provide the defense with notice as to the "legal authority" under which such recordings were made or will be offered into evidence at trial.

    10. **Co-Conspirators Statements**

The United States has or will in a timely manner, and to the extent required by applicable local rule and law, provide the defense all statements made by any co-defendant which the government intends to offer into evidence at trial under Federal Rule of Evidence 801(d)(2)(E).

    11. **Admissions**

The United States believes it has provided to the defense all statements of the defendant it intends to offer into evidence at trial as an admission under Federal Rule of Evidence 801(d)(2)(A) and(B). If the United States learns of additional statements made by the defendant it intends to introduce at trial, it will provide prompt notice to the defense.

Please let me know if you believe there are any outstanding discovery matters.

                                        Very truly yours,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                              By:   */s/ David G. Tobin*
                                        DAVID G. TOBIN
                                        Assistant U.S. Attorney