UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )          CRIMINAL NO. 04-10288-RWZ
          v.                      )
                                  )
CARLOS ESPINOLA, ET AL.,          )
          Defendants              )
                                  )

**Government's Notice Of Intent To Introduce
Into Evidence Particular Audio And Video Recordings**

The United States of America, by Michael J. Sullivan, United

States Attorney, and Michael J. Pelgro, Assistant U.S. Attorney,

hereby files this notice of intent to introduce into evidence

particular audio and video recordings during its case-in-chief.

This case arises out of a Drug Enforcement Administration

("DEA") investigation of a widespread conspiracy to distribute

substantial quantities of OxyContin pills in Gloucester and

elsewhere in the North Shore region of Massachusetts.  The DEA

investigation began in October 2003 and it culminated in the

arrests of the 13 defendants, pursuant to a criminal complaint,

on June 29, 2004.  During the investigation, several undercover

agents purchased OxyContin pills directly from certain defendants

and engaged in various discussions, both over the telephone and

in person, with certain defendants.  During certain

conversations, the defendants who were speaking with the

undercover agents spoke about certain other defendants, who were

not present during these conversations.  The government submits

that these conversations are admissible in their entirety,

pursuant to Fed. R. Evid. 801(d)(2)(E), since these conversations occurred during and in furtherance of the ongoing drug conspiracy.

All of the audio and videotapes were provided to counsel for the defendants in 2004. Many of the conversations captured on the tapes are summarized in the DEA-6 narrative reports prepared by the agents who conducted this investigation. All of those reports were provided to counsel for the defendants in 2004. Almost all of the conversations captured on the tapes were excerpted and summarized in the June 29, 2004 50-page affidavit of DEA Special Agent Steven C. Story. Special Agent Story's affidavit was provided to counsel for the defendants shortly after the defendants' arrests on June 29, 2004 and formed the basis for the detailed and thorough cross-examination of Special Agent Story by counsel for the defendants at the detention and probable cause hearings in July 2004.

On April 13, 2005, certain defendants, including defendants Carlos Espinola and Joseph Allen, filed a joint motion requesting, *inter alia,* that the government provide counsel individually with a list of the particular audio and video recordings that it intended to introduce into evidence as to each defendant at least 60 days prior to trial. On May 3, 2005, the government filed a response stating, *inter alia,* that it would file such a listing 10 days prior to trial. On June 2, 2005,

United States Magistrate Judge Charles B. Swartwood III issued an

Order stating that the government should provide an "itemization"

of the audio and video recordings 21 days before trial.

On March 14, 2005, Assistant U.S. Attorney David Tobin, the

lead prosecutor in this case, stated in writing to counsel for

defendants Carlos Espinola and Joseph Allen that the government

could not complete the itemization "until it is clear which of

the ten remaining defendants intend on pleading guilty" and that

it "will inform the defense of the specific recordings it intends

to use as soon as that determination is made."[1]  The Court

thereafter set the date of Friday, March 17, 2006 as the date

that it would be available to conduct Rule 11 hearings for any

and all defendants left in the case.

On Friday, March 17, 2006, seven defendants entered guilty

pleas before the Court.  The government anticipates that

defendant Joseph Baldassano will be pleading guilty, pursuant to

a written plea agreement with the government, on a date to be

scheduled by the Court.  Thus, at this time, it is likely that

only defendants Carlos Espinola and Joseph Allen will be going to

trial on April 3, 2006.

AUSA Tobin, however, was on vacation out of state before,

during, and after the Rule 11 hearings and is not expected to

---

[1]As of March 14, 2006, three of the 13 charged defendants
had entered guilty pleas.

return to the office until Thursday, March 23, 2006.

Accordingly, AUSA Tobin was not available to complete the

itemization.

On Monday, March 20, 2006, counsel for defendant Joseph

Allen filed a motion to compel stating, *inter alia,* that the

government "has willfully ignored" Magistrate Judge Swartwood's

Order because it stated in its letter that it had not determined

which of the recordings it intended to introduce at trial.  *See*

Def. Motion at 2.  Counsel, however, omitted that portion of the

government's letter which stated that it would provide such

itemization as soon at it determined who was going to trial and

who was pleading guilty.[2]  The government submits that this was a

material omission from the defendant's motion and that the

government's full response demonstrates that it has not willfully

ignored the Order.

In any event, the government now believes that defendants

Carlos Espinola and Joseph Allen will be going to trial.  The

government, therefore, provides the following itemization of the

audio and video recordings that it intends to introduce during

---

[2]For example, in his motion to compel (p. 2), counsel quoted
the government's March 14 letter as stating that the government
"reserves the right to introduce into evidence all video and
audio recordings previously identified" but then omits the very
next part of the same sentence, which reads: "but will inform the
defense of the specific recordings it intends to use as soon as
that determination [i.e., the determination of who is pleading
guilty] is made."

its case-in-chief:

- DEA Exhibit N-7 – meeting with defendant Behsman on November 4, 2003;[3]

- DEA Exhibits N-33 and N-37 – meeting with defendants Baldassano and Knowlton on December 2, 2003;

- DEA Exhibits N-53 and N-54 – meeting with defendant Behsman on January 6, 2004;

- DEA Exhibits N-63 and N-64 – meeting with defendant Baldassano on January 14, 2004;

- DEA Exhibit N-78 – telephone conversations with defendants Behsman and Baldassano on or about January 15, 2004;

- DEA Exhibit N-79 – telephone conversations with defendant Baldassano on or about January 27, 2004;

- DEA Exhibit N-84 – telephone conversations with defendant Torrente on or about February 4, 2004;

- DEA Exhibit N-205A – telephone conversations with defendant Behsman on or about February 25, 2004;

- DEA Exhibit N-205B – telephone conversations with defendant Baldassano on or about March 16, 2004;

- DEA Exhibit N-205C – telephone conversations with defendants Behsman and Baldassano on or about March 17, 2004;

- DEA Exhibit N-205D – telephone conversations with defendant Baldassano on or about March 23, 2004;

- DEA Exhibit N-205D – telephone conversations with defendant Behsman on or about April 6, 2004;

- DEA Exhibits N-178 and N-179 – meeting with defendant Baldassano on June 7, 2004;

---

[3]The above numbering corresponds to the labels on the tapes and to the DEA narrative reports, all of which were provided to counsel for the defendants in 2004.

- DEA Exhibit N-181 – telephone conversations with Baldassano on or about June 9, 2004;

- DEA Exhibit N-182 – telephone conversations with Baldassano on or about June 10, 2004;

- DEA Exhibits N-183 and N-184 – meeting with defendants Baldassano and Melo on June 10, 2004; and

- DEA Exhibit N-186 – telephone conversations with defendant Baldassano on June 28, 2004.


                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                    By:   /s/Michael J. Pelgro
                          Michael J. Pelgro
                          Assistant U.S. Attorney


DATED:    March 22, 2006.


                    Certificate of Service

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a paper copy will be sent to those indicated as non-registered participants on March 22, 2006.


                           /s/Michael J. Pelgro
                          Michael J. Pelgro
                          Assistant U.S. Attorney