UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10288-RWZ

UNITED STATES

v.

CARLOS ESPINOLA, ET AL.

**DEFENDANT CARLOS ESPINOLA'S
REQUESTS FOR JURY INSTRUCTIONS**

Carlos Espinola, defendant in the above-captioned criminal matter hereby moves this Honorable Court, pursuant to Fed.R.Crim.P.30, to include the following instructions in its charge to the jury. The defendant further moves that the Court instruct the jury separately as to each defendant in order to protect the defendant's right to individualized consideration.

**REQUEST NO. 1 - CONSPIRACY**

Defendant Carlos Espinola is accused of conspiring to commit a federal crime -- specifically, the crime of possession with intent to distribute oxycodone. It is against federal law to conspire with others to commit this crime. A conspiracy is established if the evidence shows beyond a reasonable doubt that the conspirators came to an understanding to accomplish their unlawful plan.

For you to find Carlos Espinola guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

> First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to possess with the intent to distribute and to distribute oxycodone;

> Second, that Carlos Espinola willfully joined in that agreement, with an understanding of what the unlawful plan was.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors. Mere association does not make one a conspirator.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed--that is to say, with bad purpose, either to disobey or disregard the law--not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before Carlos Espinola can be said to have willfully joined the conspiracy: an intent to agree and an intent that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that Carlos Espinola willfully joined in the agreement must be based upon evidence of his own words and/or actions. You cannot find a defendant to be a member of a conspiracy based on what someone else does. You need not find that Carlos Espinola agreed specifically to or knew about all the details of the crime or knew every other co-conspirator, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if Carlos Espinola was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

There cannot be a conspiracy between a defendant and one or more government agents or informants because the government agent or informant is not a true conspirator.

**Sources:**

First Circuit Pattern Jury Instruction §4.03; *United States v. Rivera-Santiago*, 872 F.2d 1073, (1st Cir. 1989); *United States v. Piper,* 35 F.3d 611 (1st Cir. 1994); Instructions of the Court in *United States v. Paul A. DeCologero, et al.*, 01-10373-RWZ; *United States v. Giry*, 818 F.2d 120 (1st Cir. 1987).

## REQUEST NO. 2 - MULTIPLE CONSPIRACIES.

Count 1 of the indictment charges that the defendant Carlos Espinola knowingly and deliberately entered into a conspiracy to distribute oxycodone, along with twelve other named individuals.

In order to sustain its burden of proof on this charge, the government must prove beyond a reasonable doubt both that the specific conspiracy alleged in Count 1 of the indictment existed and that Carlos Espinola was a member of that conspiracy. Proof that the defendant was a member of another conspiracy is not enough to convict.

In determining whether or not any single conspiracy has been shown by the evidence in this case, you must decide whether the government has proven that all of the alleged coconspirators directed their efforts toward the accomplishment of a common goal or overall plan. In determining whether there was a common overall plan, you may consider whether the activities of one aspect of the alleged conspiracy were necessary or advantageous to the success of another aspect of the alleged conspiracy.

If the government does not prove beyond a reasonable doubt that the specific conspiracy alleged in Count 1 existed or that the defendant Carlos Espinola was a member of that particular conspiracy, you must acquit Carlos Espinola of this charge. Even if the evidence shows that defendant Carlos Espinola was a member of some conspiracy other than the specific conspiracy charged in the indictment, you must acquit defendant Carlos Espinola of Count 1.

*Authority:*

O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*: Criminal §31.09 (5th ed. 2000); *United States v. Soto-Beniquez*, 356 F.3d 1 (1st Cir. 2003); *United States v. Portela*, 167 F.3d 687 (1st Cir. 1999); *United States v. LiCausi*, 167 F.3d 36, 45 (1st Cir. 1999); *United States v. Drougas*, 748 F.2d 8 (1st Cir. 1984).

## REQUEST NO. 3 - DEFENDANT'S RIGHT NOT TO TESTIFY.

Carlos Espinola has an absolute right not to testify, and no inference of any kind may be drawn from the fact that Carlos Espinola did not testify. It is completely irrelevant. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror. There are many valid reasons why a defendant would choose not to testify at trial. You may not speculate as to why this defendant did not testify. Such speculation can play no part in your deliberations.

*Authority:*

First Circuit Pattern Jury Instruction §3.03.

## REQUEST NO. 4 - COOPERATING WITNESS; ADMITTED OFFENDERS

You have heard the testimony of Joseph Baldassano. He

(1) provided evidence under an agreement with the government;
(2) participated in the crime charged against the defendants; and
(3) hopes to receive a more favorable sentence in exchange for his testimony based on the government's determination that he has provided them with substantial assistance.

You should consider the testimony of Mr. Baldassano with particular caution and scrutinize it with particular care. He may have had reason to make up stories or exaggerate what others did because he wanted to help himself. You should keep in mind in scrutinizing Mr. Baldassano's testimony that the government has the power to confer or withhold future benefits upon this witness based on its unreviewable assessment of the value of his cooperation.

You also heard the testimony of several individuals who admitted engaging in criminal activity with which they have not been charged. In evaluating their testimony, you should consider whether their testimony was affected in any way by a desire to avoid prosecution for their admitted crimes.

*Authority:*

First Circuit Pattern Jury Instructions §2.07; *United States v. Skandier*, 758 F.2d 43 (1st Cir. 1985).

**REQUEST NO. 5 - IMMUNIZED WITNESS**

The testimony of an immunized witness, someone who has been told either that his or her crimes will go unpunished in return for testimony or that his or her testimony will not be used against him or her in return for that cooperation, must be examined and weighed by the jury with greater care than the testimony of someone who is appearing in court without the need for such an agreement with the government. Michelle Dawicki may be considered to be an immunized witness in this case.

The jury must determine whether the testimony of the immunized witness has been affected by self-interest, or by the agreement she has with the government, or by her own interest in the outcome of this case, or by prejudice against the defendant.

*Authority:*

Devitt and Blackmar, *Federal Jury Practice and Instructions* (4th Ed. 1992), Vol. 1, Sec. 15.03 (modified)

### REQUEST NO. 6 - CREDIBILITY - PRIOR STATEMENTS

You have heard the testimony of a number of witnesses who previously made statements, either to the grand jury or to agents of the government. If you find that a witness made a statement on a prior occasion which is inconsistent with his or her trial testimony, then you should decide whether that inconsistency affects the believability of the witness's testimony at this trial. You should also consider whether a witness's failure to disclose previously, either before the grand jury or during interviews, a particular event affects the believability of the witness's testimony at trial that such an event occurred.

*Authority:*

First Circuit Pattern Jury Instruction §2.02

**REQUEST NO. 7 - INDIVIDUAL CONSIDERATION**

      The defendants have each been charged in Count 1 with conspiracy to possess with intent to distribute, and to distribute, oxycodone. In our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant, and to return a separate verdict for each of them. For each defendant, you must decide whether the government has presented evidence proving that particular defendant guilty of Count 1 beyond a reasonable doubt. Your verdict as to one defendant, whether it is guilty or not guilty, should not influence your verdict as to the other defendant.

*Authority:*

Sixth Circuit Pattern Jury Instruction No. 2.01B.

**REQUEST NO. 8 - NUMBER OF WITNESSES/EXHIBITS**

Your verdict should not be influenced by the number of witnesses testifying for or against the defendants, nor should it be influenced by the number of exhibits introduced by or against the defendants. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You alone determine the weight to give each witness's testimony and each exhibit, based on your assessment of the quality of that evidence.

*Authority:*

O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions: Criminal* §14.16 (5th ed. 2000).

                                      Respectfully submitted,
                                      CARLOS ESPINOLA
                                      By his attorney,

May 18, 2006                     /s/ *Bradford Eliot Keene*
                                      Bradford Eliot Keene
                                      BBO# 629440
                                      Keene & Gizzi, P.C.
                                      220 Broadway
                                      Suite 402
                                      Lynnfield, MA  01940
                                      BKMOGUL@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing System on May 18, 2006.

                                      /s/ *Bradford Eliot Keene*
                                      Bradford Eliot Keene