# MANDATE

# United States Court of Appeals
## For the First Circuit

No. 06-2340

UNITED STATES OF AMERICA,

Appellee,

v.

CARLOS ESPINOLA,

Defendant, Appellant.

Before

Boudin, **Chief Judge**,
Torruella and Lynch, **Circuit Judges**.

JUDGMENT

Entered: April 11, 2008

After we summarily affirmed defendant's sentence, United States v. Espinola, 242 F. App'x 709 (1st Cir. Sept. 27, 2007) (per curiam) (unpublished), the Supreme Court granted defendant's petition for certiorari, vacated this court's judgment, and remanded the case for reconsideration in light of Gall v. United States, 128 S. Ct. 586 (2007), which post-dated this court's decision. As directed by the Supreme Court, we have reviewed our previous decision in light of Gall, with the aid of supplemental briefing from the parties, but find nothing in our reasoning that runs afoul of Gall's two-fold prohibition of appellate courts "requir[ing] 'extraordinary' circumstances to justify a sentence outside the Guidelines range" or "us[ing] a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." Gall, 128 S. Ct. at 595.

Nor do we see any reason to remand this case to the district court for resentencing in light of Gall. Although at the outset of the sentencing hearing, the court stated that "there is a limit in how far I can go away, either up or down from this range that the statute

provides" (emphasis added), the court may have been referring to the statutory maximum of 240 months, which was only 5 months above the top of the guidelines range. In any event, those introductory remarks were addressed to defendants' friends and family in the courtroom and, as such, are best viewed only as a general statement, in layman's terms, that the court's discretion is still informed by the guidelines and is not without limits, which remains accurate even after Gall. Gall, 128 S. Ct. at 594; see also Rita v. United States, 127 S. Ct. 2456, 2464-65 (2007).

Accordingly, we reinstate our original opinion, with a minor correction[1] and addition. As amended, the penultimate sentence of our previous opinion shall read as follows: "However, it is clear from the sentencing proceeding as a whole, not only from what the court said elsewhere--expressly considering the other factors enumerated in 18 U.S.C. § 3553(a)--but also from what it did--applying those factors in sentencing Espinola 40 months below the applicable guidelines range-- that the court understood the proper role of the guidelines as articulated in Jiménez-Beltre and its progeny and as confirmed in the Supreme Court's recent decisions in Gall v. United States, 128 S. Ct. 586, 594 (2007), and Rita v. United States, 127 S. Ct. 2456, 2464-65 (2007)."

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

*(signature)*
Deputy Clerk

Date: 10/2/08

By the Court:

/s/ Richard Cushing Donovan, Clerk.

[cc: Dina Chaitowitz, Bradford Keene, Harry Mezer, Michael Pelgro, David Tobin, Jennifer Zacks]

---

[1] Our previous opinion incorrectly stated that defendant was sentenced only 3 months below the guidelines range, while he was actually sentenced 40 months, more than three years, below that range.